IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL A. COOKS, #10085-007 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RWT-06-1427 |
| UNITED STATES OF AMERICA, et al. | * | |
| Respondents. | | |
| | *** | |

## MEMORANDUM OPINION

On June 7, 2006, Michael A. Cooks ("Cooks"),[1] who is currently confined at the Federal Correctional Institution in Cumberland, Maryland, filed this 28 U.S.C. § 2241 habeas corpus petition attacking the sentencing and appellate phases of his convictions in the Superior Court of the District of Columbia ("Superior Court"). As he appears indigent, Cooks's Motion to Proceed In Forma Pauperis shall be granted. The Petition shall, however, be dismissed without prejudice for reasons to follow.

According to the materials, in February of 1993, Cooks was convicted in the Superior Court of "murder II while armed," carrying a pistol without a licence, and "possession of a firearm/crime of violence."[2] (Paper No. 1). He claims that: (i) during the sentencing and appellate phases he was denied his Fourth, Fifth, and Sixth Amendment rights by the courts; (ii) counsel was ineffective; and (iii) his term was imposed in violation of the prohibition against double jeopardy.[3] (Id. at 8).

---

[1] The Clerk shall modify the docket to reflect the correct spelling of Cooks's name

[2] Although Cooks is confined in a U.S. Bureau of Prisons facility, it appears that he is being housed as a District of Columbia offender.

[3] Cooks also claims that he "wishes to challenge the **improper execution** of his sentence due to multiple constitutional violations with specific demonstrations granted this court will assist in obtaining records." Paper No. 1 at 8.

While this court may have personal jurisdiction over Cooks's § 2241 petition due to his confinement in a federal prison in Maryland, Cooks may not use § 2241 to raise a direct attack on his Superior Court conviction. The law is well established that 28 U.S.C. § 2241 petitions are intended to address the execution of a sentence rather than its validity, i.e., imposition or duration.[4] See In re Vial, 115 F.3d 1192,1194, n. 5 (4th Cir. 1997) (en banc).

In addition, this court is divested of jurisdiction to review such a habeas corpus attack. District of Columbia Code § 23-110 ("§ 23-110") provides a vehicle for prisoners in custody under sentence of the Superior Court to collaterally attack convictions alleged to be constitutionally infirm or jurisdictionally improper by motion to the court of conviction.[5] Subsection (g) of § 23-110 requires that:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The United States Supreme Court held the prohibition on federal habeas corpus review found in § 23-110(g) to be constitutional because "the substitution of a collateral remedy which is neither

---

[4] To the extent that Petitioner makes a conclusory challenge to the "improper execution" of his sentence, the petition shall be dismissed without prejudice. He raises no particular claim(s) and, in any event, does not demonstrate that he has exhausted his remedies as required prior to filing the § 2241 action. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U. S. 484, 490-91 (1973).

[5] Section 23-110(a) provides that a prisoner in custody under sentence of the Superior Court claiming the right to be released on the ground that: (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

2

inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977). Thus, while prisoners sentenced by state courts may seek federal habeas corpus review after exhausting their state remedies, the collateral review available under § 23-110 completely divests "the federal courts of jurisdiction to hear habeas corpus petitions by prisoners" who have a § 23-110 remedy available to them, unless that remedy is found to be inadequate or ineffective. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). Section 23-110's procedure for the collateral review of convictions is comparable to those procedures outlined for federal habeas corpus review. Swain 430 U.S. at 375.

Cooks's petition is not accompanied by brief and/or memorandum and raises conclusory Fourth, Fifth, and Sixth Amendment claims. Such grounds may be raised under § 23-110(a). Moreover, there is no allegation that the remedies available under § 23-110 are inadequate. See Reyes v. Rios, __ F.Supp.2d __, 2006 WL 1409123, at *2-*3 (D. D.C. 2006).[6] Pursuant to the prohibition of § 23-110(g), this court is precluded on jurisdictional grounds from entertaining Cooks's § 2241 petition.

A separate Order follows dismissing this Petition without prejudice.

Date: July 12, 2006                               /s/
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE

---

[6] In completing his Petition, Cooks indicates that he had not filed any other motions in state or federal court dealing with the same facts. If he has not availed himself of § 23-110 to challenge his Superior Court convictions, he may do so. If, however, Cooks has already received the benefit of § 23-110 collateral review, his dissatisfaction with the results of such a review does not make the remedial process inadequate or ineffective.